AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

MARTHA MARIA SANCHEZ QUIROZ et al
*Plaintiff*
v.
LITTLE LIBROS LLC et al
*Defendant*

Civil Action No. 2:22-cv-00138 PA-JC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JEMIN NA

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: profit and loss reports (2015-2021), balance sheets (2015-2021), income statements (2015-2021), statements of accounts (2015-2021), financial statements (2015-2021) of Little Libros, LLC

| Place: Law Office of Alice Salvo, Attn: Mariana Noli<br>20350 Ventura Blvd., #110,<br>Woodland Hills, CA 91364 | Date and Time:<br>12/01/2022 11:10 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/31/2022

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*   1162        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Martha Maria Sanchez Quiroz, Don Clemente, Inc, Pasatiempos Gallo SA de CV , who issues or requests this subpoena, are:
Mariana Noli, Noli IP Solutions PC, 5030 Bella Collina St., Oceanside, CA92056, mail@noli-ipsolutions.com, 442-224-7490

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00138 PA-JC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A
## PLAINTIFFS' SUBPOENA DUCES TECUM TO DEFENDANTS' ACCOUNTANT JEMIN NA

Pursuant to **Rule 45 of the Federal Rules of Civil Procedure**, Plaintiffs MARTHA MARIA SANCHEZ QUIROZ, DON CLEMENTE, INC. and PASATIEMPOS GALLO, S.A. de C.V. request the production of the following documents, electronically stored information, and tangible things, at the following address:

>LAW OFFICES OF ALICE SALVO
>20350 Ventura Blvd., #110,
>Woodland Hills, CA 91364
>Attn: MARIANA NOLI, by **December 1, 2022**

The documents or things will be inspected, tested, copied, sampled, or photographed, and then returned if necessary. This subpoena for documents, including each individual request for Documents (individually, a "Request" and collectively, the "Requests"), must be read and interpreted in accordance with the Definitions and the Instructions provided below.

### DEFINITIONS

As used herein, the terms **"YOU"** or **"YOUR"** refer to and include Defendants' Accountant JEMIN NA and each person and/or entity acting on her behalf, including but not limited to her agents, assigns, and representatives.

As used herein, the term **"DOCUMENTS"** means each and every original or copy of words or information by printing, typing, longhand, electronic recording, or other process, regardless of the form thereof. Such term includes, but is not limited to, published materials, reports, correspondence, records, memoranda, notices,

notes, marginal notations, messages, teletype printouts, statements, books, studies, minutes, diagrams, drawings, maps, surveys, plans, charts, graphs, data, computer files, computer tapes, computer disks, computer printouts, appointment books, telephone message tapes, telephone message slips, drafts, checks, money orders, invoices, billings, evaluations, photographs, audiotapes and videotapes.

As used herein, the term **"COMMUNICATIONS"** refers to any conversation, discussion, letter, memorandum, meeting, note, email, text, telephone note, or other transfer of information, whether written, oral or by other means, and includes any **DOCUMENT** which abstracts, digests, transcribes or records such **COMMUNICATIONS**. **"COMMUNICATION"** means any manner of transmitting or receiving information, opinions, or thoughts, whether orally, in writing, electronically, or otherwise, Including any meeting, conversation, discussion, correspondence, memorandum, or message.

**"ANY"** includes the word all and **"ALL"** includes the word any.

**"CONCERNING"** means either indirectly or directly relating to, referring to, describing, evidencing or constituting, discussing, commenting on, regarding, comprising, containing, setting forth, showing, disclosing, explaining, summarizing, reflecting or mentioning, or in any way logically or factually connected with the matter discussed.

**"DISTRICT COURT ACTION"** means the action brought by PLAINTIFFS on January 6, 2022 in the Central District of California against Patricia Rodriguez, Ariana Stein and Little Libros, LLC, case number **2:22-cv-00138-PA-JC**.

**"DOCUMENT(S)"** must be construed in the broadest sense possible under the Federal Rules of Civil Procedure, and must Include any writing, original and duplicate, Communications, written, printed, handwritten, typed, recorded, or graphic material of any kind, however produced or reproduced, and regardless of where located, Including, but not limited to, agendas, algorithms, calculations, calendar or diary entries, databases, drafts, electronic recordings, emails, facsimile

transmissions, information stored on computer hard-drives or disks, interfaces, letters, logs, messages, memoranda, minutes, models, notes, programs, records, source code, spreadsheets, summaries, systems, transcriptions of voicemail messages, working papers, and all other tangible preservations of information.

**"INCLUDING"** and **"INCLUDE"** mean including but not limited to.

**"RELEVANT PERIOD"** means, unless otherwise specified, the period from January 1, 2015 to the present, and it includes all documents and information that relate to that period, or to events or circumstances during that period, even though dated, prepared, used or received prior to or subsequent to that period.

These definitions are intended to be used solely for purposes of these Requests, and PLAINTIFFS do not consent to their use for any other purpose in the District Court Action.

The connectives **"AND"** and **"OR"** must be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. These Requests are continuing Requests. You are required to produce promptly any additional Documents that are received, discovered, or created after the time of initial production.

2. Each Request must be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

3. Whenever necessary to bring within the scope of any Request Documents that might otherwise be construed to be outside the scope: (a) the use of any verb in any tense must be construed as the use of that verb in all other tenses, and (b) the use of any word in its singular form must be deemed to include within its use the plural form and vice versa.

4. These Requests call for the production of responsive Documents in Your possession, custody, or control. In producing Documents and other materials, You

are required to furnish all Documents or things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed directly by You or Your agent.

5. If a responsive Document is no longer in Your possession, custody, or control, identify: its date; author(s); recipient(s); subject matter; when the Document was most recently in Your possession, custody, or control; and the person, organization, or entity presently in possession, custody, or control of such Document.

6. If a responsive Document has been destroyed, identify: the date of destruction, the person who destroyed the Document, the person who directed that the Document be destroyed, and the reason for its destruction.

7. The scope of Your search for electronic data that is responsive to any Request must include all forms of electronic data collection, preservation, transmission, communication, and storage that You used.

8. All Documents must be produced in electronic form as follows: a. Documents and electronically stored information ("ESI") will have searchable text as single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR or extracted text files). Any color in the original Document or ESI will be preserved and produced as JPEG (.jpg) images. b. Excel, spreadsheet, and database files will also be produced in native format (e.g., .xls, .csv, etc.). c. Each single-page TIFF or JPEG image file must be named with a unique number (Bates Number). TIFF images must be scanned and delivered as 7 single page, 1 bit, group 4 TIFF images. File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party will preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below), and, where applicable, the revision history. Images will be submitted with an accompanying cross reference load file in a Concordance Image ".OPT" format. d. If a Document is more than one page, the unitization of the Document and any

attachments and/or affixed notes must be maintained as they existed in the original Document. e. Please produce the following metadata fields, to the extent the information is reasonably accessible and non-privileged: Document type; custodian and all custodians (or storage location if no custodian); author/from; recipient/to, cc, and bcc; document title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified, and/or received; and MD5hash value. Dates should be valid calendar dates and delivered in the format MM/DD/YYYY or MM/DD/YYYY HH:MM:SS, and they should not include zero dates or dates and times in separate fields. The metadata load file will be submitted as a delimited text file with the field names listed on the first line and the following delimiters will be used: i. " " (ASCII 20) Field Separator; ii. "þ" (ASCII 254) Text Delimiter; 8 iii. "®" (ASCII 174) New Line Character within a field; and iv. ";" (ASCII 59) Multi Entry Delimiter.

9. Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, Documents must be produced either (a) as they are kept in the usual course of business (in which case they must be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each Document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

10. If You withhold any responsive Document on an assertion of privilege or other immunity from disclosure, You must provide the following information: a. a statement of the basis for the claim of privilege or other immunity from disclosure; b. the date of the Document; c. the Document's authors, recipients, and all persons copied on the Document (including blind copied) and, if applicable, their titles and employer; and d. a description of the subject matter of the Document that is sufficient to enable PLAINTIFFS to assess the merits of Your claim of privilege.

11. Each responsive Document must be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire Document to be relevant or responsive to the Request. If You have redacted any portion of a Document, stamp the word "REDACTED" on each page of the Document that You have redacted and describe in detail the basis for the redaction.

12. If no Documents exist that are responsive to a particular Request, You must so state in writing.

13. If You object to any Request, please state with specificity the grounds for each such objection.

14. Unless otherwise stated in a Request, all Documents requested are Documents dated or prepared during the Relevant Period. If a Document is undated and the date of its preparation cannot be determined, the Document must be produced if otherwise responsive to these Requests.

15. Your response to these Requests should not be delayed if You cannot fully comply with all of the Requests by the date set for the presentation of Documents for any reason, Including the assertion of any privilege, interposition of any objection, ongoing investigation, or current unavailability of Documents. All available Documents must be produced on the date set for presentation, and any unavailable Documents must be produced as soon as they become available.

16. Whether or not You object, You must preserve all Documents relevant to this District Court Action, Including all Documents responsive to the Requests.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
All **COMMUNICATIONS** between **YOU** and Defendant Patricia Rodriguez since January 2015 relating to the finances of Little Libros, LLC.

**REQUEST FOR PRODUCTION NO. 2**:

All **COMMUNICATIONS** between **YOU** and Defendant Ariana Stein since January 2015 relating to the finances of Little Libros, LLC.

**REQUEST FOR PRODUCTION NO. 3**:

All **COMMUNICATIONS** between **YOU** and Citlali Reyes since January 2015 relating to the value of her share in Little Libros, LLC and/or her services provided to Little Libros, LLC.

**REQUEST FOR PRODUCTION NO. 4**:

All **DOCUMENTS** executed by **YOU** on behalf of Little Libros, LLC (excluding the tax returns).

**REQUEST FOR PRODUCTION NO. 5**:

All invoices and all financial statements, including and not limited to, profits and loss statements, income loss statements, balance sheets prepared for Little Libros, LLC.